IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COVERT MANUFACTURING, INC., | CASE NO. 1:21-CV-01682-DAR |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| vs. | **SECOND JOINT STATUS REPORT** |
| COVERT INNOVATIONS, LLC, *et al.*, | |
| Defendant. | |

Pursuant to the Court's Order [non-document] dated May 24, 2022, the parties submit the following Joint Status Report in advance of the telephone status conference and motion hearing on July 13, 2022.

**1.     Pending Motions**

The following motions are pending before the Court:

- Defendants' (Partial) Motions to Dismiss (Dkt. ##11-12);

- Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #33); and

- The parties Joint Motion for Extension of Discovery Cutoff and Dispositive Motion Deadlines (Dkt. #36).

Defendants' two (partial) Motions to Dismiss and the parties' Joint Motion for Extension of Discovery Cutoff and Dispositive Motion Deadlines (Dkt. ##11, 12, 36) are fully briefed and ripe for the Court's ruling. They have NOT been rendered moot.

For purposes of efficiency and to avoid creating additional work or expense, however, the parties agree – subject to the Court's approval – that Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt #33) should be held in abeyance until *after* the Court rules on the *legal* aspects of Defendants' Motions to Dismiss (but NOT whether Plaintiff failed to plead claims with

sufficient *facts*.) To be clear, Defendants continue to oppose Plaintiff being granted leave to file a third Complaint in this case for the reasons stated in their opposition brief (Dkt. #34). The parties simply wish to avoid having to re-file and re-brief the Motions to Dismiss, at least as to those claims where the motions are not based upon the sufficiency of the facts plead.

**2.** **Status of Discovery**

While discovery is ongoing, the parties have conducted the following discovery:

- Exchanged initial disclosures;

- Served written discovery requests (including record subpoenas to 3rd parties);

- Served responses to those written discovery requests;

- Are in the midst of rolling document productions (there are thousands, if not tens of thousands of documents involved – including ESI);

- Have addressed each party's alleged discovery deficiencies and are attempting to resolve those discovery disputes without the need for Court intervention.

The parties do seek the Court's assistance with one discovery matter. The parties stipulated to, and the Court previously entered a Stipulated Protective Order in this case (Dkt. #25), which closely mirrored the default order in this District. However, discovery in this case involves purported trade secrets, and other sensitive, confidential and proprietary business and financial information. The parties are competitors and do not want the other party to have such information. Therefore, the parties jointly request that the Court enter an Amended Stipulated Protective Order that allows the parties to designate such highly confidential and sensitive materials as "attorneys eyes only," not to be disclosed to the opposing parties or their employees. If the Court grants this request, the parties will submit a proposed Amended Stipulated Protective Order for the Court's consideration.

17891578_1

### 3. **Settlement and ADR**

The parties agree to participate in a settlement conference or mediation, but believe it is premature at this juncture.

In order to properly evaluate this case, the parties agree that additional discovery regarding at least the following issues is still needed before meaningful settlement discussions occur:

- Whether Plaintiff's purported trade secrets and confidential information are, in fact, trade secrets and confidential;

- If so, whether Defendants misappropriated such trade secrets and confidential information;

- If so, to what extent (if at all) did Defendants use such trade secrets and confidential information;

- Did use of such trade secrets by Defendants (if any) actually cause any harm or damages to Plaintiff in the form of lost business or any benefit to Defendants in the form of gained business.

Plaintiff believes additional discovery is also needed on its claims unrelated to trade secrets.

Presently, the parties have vastly different views as to the value (if any) of this case. The parties hope and agree, however, that additional discovery regarding these issues will place each of them in a position to fairly evaluate the claims and defenses, including any damages, and meaningfully participate in a settlement conference or mediation.

The parties anticipate they should be prepared for a settlement conference or mediation by no later than their proposed new discovery cutoff date of October 15, 2022.

### 4. **Upcoming Conferences**

The Court has scheduled a telephonic status conference and motion hearing for July 13, 2022 at 10:00 a.m.  No other Court hearings or conferences are scheduled at this time.

5. **<u>Other matters for the Court's Attention</u>**

None at this time.

                                           Respectfully submitted,

                                           */s/ Barry Y. Freeman*
                                           Barry Y. Freeman (0062040)
                                           Danielle C. Young (100894)
                                           ROETZEL & ANDRESS, LPA
                                           1375 E. 9th St., 10th Floor
                                           Cleveland, OH 44114
                                           Telephone 216.615.4850
                                           Fax: 216.623.0134
                                           bfreeman@ralaw.com
                                           dyoung@ralaw.com
                                           *Attorneys for Plaintiff*


                                           */s/ Robert E. Chudakoff*
                                           Robert E. Chudakoff (0038594)
                                           Ashtyn N. Saltz (0089548)
                                           ULMER & BERNE LLP
                                           Skylight Office Tower
                                           1660 W. 2nd Street, Suite 1100
                                           Cleveland, OH 44113-1448
                                           Tel 216.583.7000
                                           Fax 216.583.7001
                                           rchudakoff@ulmer.com
                                           asaltz@ulmer.com
                                           *Attorneys for Defendants*

17891578_1